J-S06040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEPHEN STEPHEN SMITH, | |
| Appellant | No. 975 MDA 2015 |

Appeal from the PCRA Order May 14, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000996-2011

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 11, 2016**

Stephen Smith ("Appellant") appeals from an order denying him collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  Specifically, he contends counsel rendered ineffective assistance at the hearing on his motion to suppress evidence obtained during a parole officer's search of his residence.  We affirm.

In our disposition of Appellant's direct appeal, we related the following factual and procedural history of Appellant's case:

> On August 1, 2010, Agents Ronald Thompson ("Thompson") and Frank Horvath ("Horvath") of the Commonwealth's Board of Probation and Parole, arrived at Appellant's home in Auburn, Schuylkill County, for an unannounced home visit.  They had received an anonymous phone call that there were drugs and a gun in the home where Appellant was residing and that Appellant was using drugs.  A few days prior, Thompson had determined that Appellant had three outstanding traffic citations [from Ocean City, Maryland] which were all violations of Appellant's parole.  Upon arrival at

*Former Justice specially assigned to the Superior Court.

the home, the agents requested Appellant to come outside and meet them at the patrol car to discuss Appellant's status further. Appellant admitted that he had recently been out of state which was also a parole violation. [According to Thompson, Appellant also admitted to using cocaine, marijuana, and alcohol, and an instant urinalysis tested positive for cocaine and marijuana.

The agents then handcuffed Appellant, cleared the house of other people, took Appellant into the home.] The [a]gents then discovered the various items of contraband in . . . Appellant's bedroom, after which they took . . . Appellant into custody and alerted the State Police. The State Police arrived and conducted the search of the home as well as an adjacent recreational trailer situate in the back yard. Based upon the search, they arrested . . . Appellant, and charged him with [ten counts pertaining to possession and possession with intent to deliver]. The Complaint and Information were filed and proceeded through the Court of Common Pleas to jury trial. . . . [The trial] concluded on October 24, 2012, with the jury's verdict finding Appellant guilty on all ten charges.

*Commonwealth v. Smith*, No. 2212 MDA 2012, unpublished memorandum at 2, (Pa.Super. filed March 31, 2014) (citing Trial Court Opinion, filed 2/6/2013, at 3-5).

Sentenced to an aggregate term of 8 to 16 years' imprisonment, Appellant filed a direct appeal challenging, *inter alia*, the order denying his motion to suppress evidence. Specifically, Appellant argued that the search of his property was invalid because agents neither possessed reasonable suspicion to believe he had committed a parole violation nor obtained their supervisor's prior approval to conduct the search. *Id.* at 5. In our memorandum decision, we noted the suppression court's following observations on evidence developed during counsel's cross-examination of Agent Thompson:

- 2 -

[Appellant's] argument rests on the paper records of the day [of the search], consisting of handwritten notes and a typed report created by Agent Thompson. The handwritten notes are completely silent regarding [Appellant's] admission to the agents that he was using drugs and the positive instant urinalysis. The typed report entitled "Notice of Charges and Hearing" dated August 3, 2010 fails to state when [it was], during the sequence of events, that [Appellant] admitted he was using drugs. The report is completely silent as to the positive drug test. An accompanying "Technical Violation Arrest Report" dated August 3, 2010 also indicates in a check-marked box that prior supervisor approval for the search was not obtained.

*Id.* at 5 (citing Suppression Court Opinion, filed 1/25/2013, at 2).

Agent Thompson, however, denied that his notes and arrest report recounted all events preceding the search, and he insisted he also obtained his supervisor's approval and secured Appellant's positive urinalysis test result and admission of drug use beforehand. N.T. Suppression, 9/6/12, at 22-23. Testifying consistently with this account, Agent Horvath recalled how Agent Thompson asked Appellant whether he would test "hot" on a urine test if he took one at the scene, which prompted Appellant to admit he was using cocaine, marijuana, and alcohol. N.T. at 41. Agent Thompson administered the instant urine test immediately, Agent Horvath continued, and the results were positive for marijuana and cocaine. *Id.*

The suppression court deemed the Agents' testimonies credible in all respects and discounted conflicting paperwork on the issue of prior supervisor approval as the result of a typographical error. *See* Suppression Court Opinion at 5. Adhering to precedent calling for appellate court deference to a suppression court's credibility determinations, *see*

*Commonwealth v. Simmen*, 58 A.3d 811, 817 (Pa.Super. 2012), we discerned no error with the suppression court's order denying Appellant's motion.

Appellant filed a timely PCRA petition and obtained a hearing before the PCRA court, at which he assailed the adequacy of suppression counsel's cross-examination of Agent Thompson and examination of Appellant's landlord, Richard Keller. Specifically, PCRA counsel argued that prejudice resulted from suppression counsel's failure to draw attention to both a technical violation arrest report and a criminal arrest and disposition report filed by Thompson just prior to Appellant's 2012 suppression hearing. The two reports listed only the anonymous tip and Appellant's illicit travel as reasons offered for supervisor approval. Had Thompson actually acquired Appellant's admission of guilt and a positive urinalysis test as he claimed at the suppression hearing, PCRA counsel posited, he would have said so on the 2012 reports, for they made the strongest case for gaining the supervisor's approval. Failing to offer this evidence to impeach Agent Thompson's suppression hearing testimony constituted ineffective assistance of counsel, PCRA counsel concluded. N.T. PCRA Hearing, 1/12/15 at 11-12.

PCRA counsel also attacked suppression counsel's failure to call landlord Keller to testify that Agents Thompson and Horvath never apprised him of Appellant's admission or positive urinalysis. At the PCRA hearing, Keller testified that Thompson informed him about only the anonymous tip

and Appellant's admission of leaving the state. N.T. at 32-33. Revealing this limitation in the conversation between Keller and Thompson was likewise critical to impeaching the agents' testimonies regarding Appellant's admission of guilt and urinalysis, PCRA counsel maintained.

The PCRA court deemed suppression counsel's advocacy constitutionally sound despite Appellant's contentions to the contrary. It was the court's opinion that suppression counsel aptly cross-examined Agent Thompson on the inconsistencies between what he reported and what he later said with respect to his pre-search investigation of Appellant. Nevertheless, the PCRA court reasoned, the suppression court exercised its authority as finder of fact to credit Thompson's testimony that the admission, urinalysis, and supervisor's approval all occurred despite his failure to include them in his written reports. Moreover, the PCRA court minimized the importance of Keller's PCRA testimony because the agents had no legal obligation to apprise a landlord as to every reason supporting their search of the tenant's residence. Accordingly, the court entered an order denying collateral relief, although it granted relief on an unrelated issue concerning the imposition of an unlawful mandatory minimum sentence, and it remanded the matter for resentencing. PCRA Court Opinion, filed May 14, 2015, at 6-7. This timely appeal followed.

Reiterating the positions taken in his PCRA petition and at his hearing, Appellant contends suppression counsel rendered constitutionally deficient

assistance in his cross-examination of Agent Thompson and examination of Richard Keller.   Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error.  **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997).  "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review."  **Commonwealth v. Hawkins**, 894 A.2d 716, 722 (Pa. 2006); **see also Commonwealth v. Jones**, 912 A.2d 268, 293 (Pa. 2006) ("the findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given great deference");  **Commonwealth v. White**, 734 A.2d 374, 381 (Pa. 1999) (appellate court is bound by credibility determinations of PCRA court where determinations are supported by record).

Our standard of review for claims of ineffective assistance of counsel is well settled.   Counsel is presumed to be effective, and the burden of demonstrating ineffectiveness rests on the appellant.   **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super. 2010).  A petitioner must show (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for counsel's errors or omissions, there is a reasonable probability that the outcome of the proceedings would have been different.  **Id.**  The failure to prove any one of the three prongs results in the failure of the petitioner's claim.  **Id.**

- 6 -

Central to the PCRA court's decision rejecting both issues was an appropriate adherence to a standard of review prohibiting it from overriding a credibility-based finding of fact made by the suppression court. *See Commonwealth v. Goldsborough*, 31 A.3d 299, 305 (Pa.Super. 2011) (acknowledging appellate court not at liberty to reject finding of fact based on credibility determination). At the hearing on Appellant's motion to suppress, suppression counsel conducted lengthy cross-examination laying bare the inconsistencies between Agent Thompson's written reports and his testimony with respect to whether he obtained an admission to drug use, urinalysis results, and his supervisor's approval prior to searching Appellant's residence. Moreover, suppression counsel also gained the Agent's agreement that Appellant's four prior urinalysis test results between March and June of 2010 were clean, the original impetus of the investigation was an anonymous tip, there was no other official investigation into Appellant's conduct at the time, and the Agent believed Appellant's traffic citations, alone, gave him reasonable suspicion to search Appellant's residence. N.T. at 14-34.

Nevertheless, such evidence was still reconcilable with the agents' testimonies if the suppression court credited the agents' explanations and viewed Thompson's written reports as simply containing a minimally adequate account of events justifying the search, which is what the court did. On direct appeal, this Court upheld the denial of Appellant's motion to

suppress on this basis, **Smith**, **supra** at 6. In the present collateral challenge to suppression counsel's performance, the PCRA court reviewed two additional reports in which Agent Thompson omitted reference to Appellant's admission of drug use and the administration of an instant urinalysis, and it found such evidence to be cumulative to previously admitted evidence on the limitations and inconsistencies of Agent Thompson's notes and reports. This Court agrees with the PCRA court's assessment, and we note, additionally, that Appellant develops no argument supported by authority compelling us to disturb the PCRA court's rejection of the claim underlying Appellant's ineffective assistance of counsel challenge. Accordingly, we discern no merit to the present appeal.

Order is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2016